IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:00-CR-3091 |
| vs. | ORDER |
| GREGORY T. SYSLO and DENELL N. SYSLO, | |
| Defendants. | |

    This matter is before the Court on email correspondence and attachments from Gregory Syslo regarding his motion to set aside the government's judgment lien on his former home (filing 117) and the Court's order denying that motion (filing 120). The Court has directed the Clerk of the Court to file one of the attachments as a motion to reconsider (filing 121) and to file the other messages and attachments as correspondence. The Court will deny the motion.

    In his motion to reconsider, Syslo cites 28 U.S.C. §§ 3013 and 3014 as authority for the Court to set aside the government's judgment lien. But those statutes relate to lien enforcement, not the lien itself. A lien is, generally speaking, a legal right or interest in another's property. *In re Anthony*, 481 B.R. 602, 628 (D. Neb. 2012); *see also*, *United States v. Reed*, 668 F.3d 978, 982 (8th Cir. 2012); *West Town Homeowners Ass'n v. Schneider*, 435 N.W.2d 645, 648 (Neb. 1989); 11 U.S.C. § 101(37); Black's Law Dictionary 941 (8th ed. 2004). In other words, a "lien" is simply a legal right. *See In re Anthony*, 481 B.R. at 628. It is separate from enforcement procedures—for example, a writ of execution, or a writ of garnishment—that could *potentially* be used to enforce it. *See, e.g.*, 28 U.S.C. §§ 3203 to 3205.

    The statutes cited by Syslo permit the Court to limit the use of an enforcement procedure, and allow a debtor to claim an exemption from enforcement. *See* §§ 3013 and 3014. But at this point, any request for a protective order or an exemption is premature. *See United States v. Fed. Res. Corp.*, 137 F. Supp. 3d 1267 (D. Idaho 2015). The government has not asked the Court to issue an enforcement writ, and for all the Court knows, it might never ask. The Court will, therefore, deny Syslo's motion to reconsider.

    Right now, the better approach for Syslo is to make sure that he is communicating with the U.S. Attorney's office. The Court cannot speak for

the government, but it has been the Court's experience that creditors are often reasonable, and are willing to work with debtors who are trying to pay their debts, instead of going to the trouble of executing on property. And if the government does pursue an enforcement procedure, it would require notice to the debtor or the property owner. *See* 28 U.S.C. § 3202(b). If Syslo does receive such a notice, then he can follow the instructions in the notice to ask the Court for relief from the writ, and the Court will consider his request at that time. But not before.

There is one other matter the Court must comment on. The Court has filed Syslo's emails as a motion and as correspondence because it is important, in court proceedings, to make a record of everyone's communications with the Court, and for both sides to be informed of any communications. In fact, the rules require it. *See*, Fed. R. Crim. P. 49(a); NECrimR 49.1(d). If Syslo wants to make an argument to the Court, he should make it in a document appropriately filed with the Clerk of the Court. And he will be directed to do so in the future. He is advised that future email correspondence may be disregarded without further notice. *See* NECrimR 49.1(d) ("document faxed or e-mailed to the clerk or assigned judge is not considered filed without a court order.")

IT IS ORDERED:

1. Syslo's motion to reconsider (filing 121) is denied.

2. Syslo shall only communicate with the Court through documents filed with the office of the Clerk of the Court.

Dated this 7th day of June, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge